SOBRIO v. MANHATTAN LIFE INS. CO.

(Circuit Court, S. D. California. February 24, 1896.)

No. 665.

SERVICE OF PROCESS—MANAGING AGENT—CALIFORNIA STATUTE.
The statute of California relative to service of process (Code Civ. Proc. § 411, subd. 2) provides that service upon a foreign corporation "doing

business and having a managing or business agent, cashier, or secretary within the state" shall be made by delivering a copy of the process to such agent, cashier, or secretary. The marshal made return upon a subpœna that he had served it upon "H., agent for" a foreign corporation, defendant. An uncontroverted affidavit, presented upon a motion to quash the service, stated that one L. was the managing agent of the defendant in the state. *Held*, that the service was bad.

Joseph M. Kinley, for complainant.
Finlayson & Finlayson, for defendant.

WELLBORN, District Judge. This is a motion to quash and set aside service of subpœna on the ground that the writ was not served upon the managing or business agent, cashier, or secretary of the defendant. Defendant is a corporation formed under the laws of the state of New York, and doing business in the state of California. The law of the latter state regulating the service of process upon foreign corporations is as follows:

"Sec. 411. The summons must be served by delivering a copy thereof as follows: * * * 2. If the suit is against a foreign corporation, or a nonresident joint stock company or association, doing business and having a managing or business agent, cashier, or secretary, within this state: to such agent, cashier, or secretary." Code Civ. Proc. Cal. § 411, subd. 2.

The return of the marshal on the subpœna states that he served the same upon "L. A. Hitchcock, agent for the Manhattan Life Insurance Company at Los Angeles, California." It appears from an affidavit offered by defendant in support of its motion, and made by one John Landers, and which is uncontroverted, that said Landers is the managing agent, or, as he styles himself in the affidavit, "the resident manager," of the defendant in California, with his office in the city and county of San Francisco; and, further, that said Hitchcock is not, and never has been, the managing or business agent of defendant. Upon these facts, and under the law above quoted, I am of opinion that the subpœna has not been legally served, and an order will be accordingly entered, allowing defendant's motion, and quashing and setting aside the service evidenced by the above-mentioned return of the marshal.